# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

WILLIAM E. GRAHAM,

    Petitioner,

    v.

WARDEN, PICKAWAY CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:20-CV-4847
CHIEF JUDGE ALGENON L. MARBLEY
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On April 23, 2021, the Magistrate Judge issued a Report and Recommendation recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (Doc. 13.) Petition has filed an Objection to the Magistrate Judge's Report and Recommendation. (Doc. 16.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's Objection (Doc. 16) is **OVERRULED**. The Report and Recommendation (Doc. 13) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

Petitioner pleaded no contest in the Franklin County Court of Common Pleas to 18 counts of breaking and entering, one count of attempted breaking and entering, and two counts of tampering with evidence. The appellate court later reversed several of those convictions as barred under Ohio's speedy trial statutes but otherwise affirmed the trial court's judgment. Petitioner is serving five years' incarceration. He asserts that his convictions violate his right to a speedy trial, that the appellate court denied him due process by taking judicial notice of continuances to reject this claim, that he was denied the effective assistance of appellate counsel,

and that the appellate unconstitutionally denied him access to the court by application of *State v. Martin*, 103 Ohio St.3d 385 (Ohio 2004). The Magistrate Judge recommended dismissal of these claims as procedurally defaulted or without merit. Petitioner objects to those recommendations.

Petitioner objects to the recommended dismissal of claims one and two on the merits. He challenges the State's failure to meet its burden of proof to rebut his claim that he had not been brought to trial within 90 days in claim one. (*Objection*, Doc. 16, PAGEID # 701.) He argues that the state appellate court unreasonably applied *United States v. Marion*, 404 U.S. 315 (1971) to block proper application of *Barker v. Wingo*, 407 U.S. 514 (1972) in rejecting his claim that he was denied the right to a speedy trial, which he asserts in claim two. (*Id*., PAGEID # 707.) Petitioner does not object to the recommended dismissal of claim three as procedurally defaulted based on his failure to present this claim to the Ohio Supreme Court as an independent proposition of law, but preserves his arguments regarding the appellate court's judicial notice of continuances. (*Objection*, Doc. 16, PAGEID # 708.) Petitioner also objects to the recommended dismissal of his remaining claims as procedurally defaulted. Petitioner again argues that he preserved his claim of ineffective assistance of appellate counsel for habeas corpus review by presenting it to the Ohio Supreme Court on direct appeal. Further, and as cause for any procedural default, Petitioner asserts that the state appellate court refused to permit him to file *pro se* supplemental briefings while represented by counsel.

Petitioner's objections are not well-taken. The factual findings of the state appellate court regarding the continuances made by the parties in the context of Petitioner's claim that he was denied his right to a speedy trial are presumed to be correct unless Petitioner presents clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). He has not done so here. In any event, any failure to comply with the provisions of Ohio's speedy trial statutes does not

provide a basis for federal habeas corpus relief. *See Hyde v. Warden, Pickaway Corr. Inst.*, No. 2:14-CV-02725, 2016 WL 1594596, at *5 (S.D. Ohio Apr. 21, 2016); 18 U.S.C. § 2254(a). Further, the state appellate court did not unreasonably apply or contravene federal law or base its decision on an unreasonable determination of the facts in light of the evidence presented in rejecting Petitioner's claim that he was denied his federal constitutional right to a speedy trial. Petitioner was arrested on January 19, 2017, and charged with two counts of breaking and entering and one count of possessing criminal tools in connection with incidents that occurred at the Tai's Asian Bistro and the Uniform Store. On November 14, 2017, the State issued a second indictment against him including 40 additional charges involving crimes that occurred at different locations and , unrelated to the initial charges against him. *See State v. Graham*, 10th Dist. No. 18AP-636, 2019 WL 2237030, at *1-12. (Ohio Ct. App. May 23, 2019). Approximately eight months later, on July 23, 2018, Petitioner pleaded guilty. The right to a speedy trial does not apply until an individual is arrested or indicted. *See Rice v. Warden, Warren Corr. Inst.*, 786 F. App'x 32, 35 n.2 (6th Cir. 2019), *cert. denied sub nom. Rice v. Jackson-Mitchell*, 140 S. Ct. 819 (2020) (citing *United States v. Brown*, 498 F.3d 523, 527 (6th Cir. 2007) (quoting *United States v. Marion*, 404 U.S. 307, 312 (1971)). Thus, the record reflects no speedy trial violation here. Further, and for the reasons already detailed by the Magistrate Judge, Petitioner has failed to establish cause and prejudice for the procedural default of his remaining claims for relief. The United States Court of Appeals for the Sixth Circuit has held that "raising a claim for ineffective assistance of appellate counsel in a discretionary appeal to the Ohio Supreme Court, without addressing the claim through Ohio Appellate Rule 26(B), does not satisfy the exhaustion requirement unless the Ohio Supreme Court addresses the issue on the merits." *Goldberg v. Maloney*, 692 F.3d 534, 537-38 (6th Cir. 2012). Petitioner did not

pursue a Rule 26(B) application. He has procedurally defaulted his remaining claims by failing to present them on direct appeal. The state appellate court's refusal to accept Petitioner's *pro se* supplemental pleadings does not constitute cause for that procedural default. *See McMeans v. Brigano,* 228 F.3d 674, 684 (6th Cir. 2000) (citing *Martinez v. Court of Appeal of California*, 528 U.S. 152, -- 120 S.Ct. 684, 692 (2000)).

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 576 U.S.1071, ——, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). A state prisoner incarcerated pursuant to a state conviction who seeks habeas relief under § 2241 likewise must obtain a certificate of appealability. *See Settle v. Parris*, No. 20-5734, 2020 WL 7706393, at *2 (6th Cir. Nov. 12, 2020) (citing *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 370 (6th Cir. 2001)).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes

4

that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of this action. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED**.

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: July 6, 2021**