**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**WILLIAM E. GRAHAM,**

     **Petitioner,**

     **v.**

**WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,**

     **Respondent.**

**CASE NO. 2:20-CV-4847
CHIEF JUDGE ALGENON L. MARBLEY
Magistrate Judge Elizabeth P. Deavers**

**OPINION AND ORDER**

This matter is before the Court on Petitioner's July 15, 2021, Motion for Reconsideration. (Doc. 19.)  For the reasons that follow, the Motion for Reconsideration (Doc. 19) is **DENIED**.

On July 6, 2021, the Court entered final Judgment dismissing the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 18.)  Petitioner has filed a Motion for Reconsideration, which the Court construes under Rule 59(e) of the Federal Rules of Civil Procedure.  Petitioner complains that the Court improperly dismissed claim six as procedurally defaulted because he raised that claim in the Ohio Court of Appeals and in a motion for reconsideration and objected to being denied the right to hybrid representation.  He again argues that the Court improperly dismissed his claim of ineffective assistance of appellate counsel for failure to raise the issue in an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B) and that the state appellate court unconstitutionally denied him access to the courts when it declined to consider his pro se pleadings.  Petitioner also now contends that his defense counsel purposely waived Petitioner's speedy trial rights so as to pressure him into entering a guilty plea.

Rule 59(e) provides that a motion to alter or amend judgment may be filed within 28 days of the entry of judgment based on "(1) a clear error of law; (2) newly discovered evidence; (3) an

intervening change in controlling law; or (4) a need to prevent manifest injustice." *CitiMortgage, Inc. v. Nyamusevya*, No. 2:13-cv-00680, 2015 WL 1000444, at *2 (S.D. Ohio Mar. 5, 2015) (quoting *Intern Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). "The Rule gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, –– U.S. ––, 140 S. Ct. 1698, 1703 (2020) (citing *White v. New Hampshire Dep't of Emp't Sec.,* 455 U.S. 445, 450 (1982)). It allows a district court to correct its own errors, thereby sparing the parties and appellate courts the burden of unnecessary appellate proceedings. *Esparza v. Anderson*, No. 3:96-cv-7434, 2013 WL 774155, at *7 (N.D. Ohio Feb. 27, 2013) (citing *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)). However, "motions to alter or amend, or for reconsideration, are not intended as a mechanism for a plaintiff to relitigate issues previously considered and rejected, or to submit evidence which in the exercise of reasonable diligence could have been submitted earlier." *Kittle v. State,* No. 2:05-cv-1165, 2007 WL 543447, at *1 (S.D. Ohio Feb. 15, 2007) (citing *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); *Howard*, 533 F.3d at 475. "In particular, courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister*, 140 S.Ct. at 1702. Moreover, in view of the importance of finality in the justice system, a motion to reconsider a final order should be granted only in extraordinary circumstances, such as a complete failure to address an issue or claim. *Solly v. Mausser*, No. 2:15-cv-956, 2016 WL 74986 at *1 (S.D. Ohio Jan. 7, 2016). It is not the function of a motion to reconsider to renew arguments that the Court has already considered and rejected. *See Lloyd v. City of Streetsboro*, No. 5:18-cv-73, 2018 WL 2985098, at *1 (N.D. Ohio June 14, 2018) (citing *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184 (N.D. Ohio 1996)). "When the 'defendant views the law in a light contrary

to that of this Court,' its 'proper recourse' is not by way of a motion for reconsideration but by 'appeal to the Sixth Circuit.'" *Id.* (quoting *Dana Corp. v. United States*, 764 F.Supp. 482, 489 (N.D. Ohio 1991)).

This Court has already considered, and rejected, the arguments Petitioner now raises here. As previously discussed, the record indicates that Petitioner waived his claims for relief by failing properly to present them to the Ohio courts. He failed to establish cause for his procedural defaults. (*See Report and Recommendation*, Doc. 13; *Opinion and Order*, Doc. 17.) Further, nothing in the record supports Petitioner's allegation that his attorney conspired against him. The record likewise does not indicate that the denial of the right to a speedy trial establishes a basis for federal habeas corpus relief. In short, Petitioner has provided no grounds to alter the final Judgment against him.

Petitioner's Motion for Reconsideration (Doc. 19) therefore is **DENIED.**

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: July 30, 2021**